# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

INTERNATIONAL BROTHERHOOD
OF ELECTRICAL WORKERS, LOCAL
50, AFL-CIO,

      Plaintiff,

                                       Case No. 11-14333

v.                                      Hon. Lawrence P. Zatkoff

METRO ELECTRIC ENGINEERING
TECHNOLOGIES, INC.

      Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 25, 2012

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I.  INTRODUCTION

This matter is before the Court on the parties' cross-motions for summary judgment [dkts 19 & 20].  The parties have fully briefed the motions.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted.  For the following reasons, Plaintiff's motion for summary judgment is GRANTED [dkt 20], and Defendant's motion for summary judgment is DENIED [dkt 19].

## II.  BACKGROUND

Plaintiff, a union representing electricians, brings this action under § 301 of the

Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, to confirm an arbitration award against Defendant Metro Electric Engineering Technologies, an electrical construction business. Plaintiff and Defendant were bound by a collective bargaining agreement ("CBA"), which was effective from July 1, 2007, to June 26, 2010.

According to the CBA, Plaintiff was the exclusive source for referral of its members. Pl.'s Mot. Summ. J., Ex. F (hereinafter "CBA"), at 27 (Plaintiff "shall be the sole and exclusive source of referral of applicants for employment.").[1] Two articles of the CBA provided the procedures for Defendant to obtain Plaintiff's members for work. Article XII of the CBA set forth the general "Referral Procedures." CBA at 27. Under Article XII, after Defendant requested a worker, Plaintiff referred a worker to Defendant from a register (commonly referred to as the "out-of-work list"). A second method—set forth in Article XV—permitted Defendant to request a specific worker by name to act as a foreman. That foreman is referred to as a "letter foreman." CBA at 34. Any disputes arising from the CBA were subject to a grievance procedure. CBA at 2.

On June 16, 2010, Plaintiff filed grievance I-02-10 alleging that Defendant violated the Referral Procedure by hiring two of Plaintiff's members without using the procedure. Ex. E. On June 22, 2010, Plaintiff filed grievance I-03-10 alleging that Defendant used "lettered out foremen" in a manner inconsistent with the CBA. Ex. H. The grievances were set to be heard by the Labor-Management Committee ("LMC") on October 13, 2010. The LMC comprises six individuals—three representing the union and three representing the employer. At the LMC hearing, Joseph Brewer, who is the president of Defendant, objected to the LMC hearing on procedural and

---

[1]The Court will cite to the exhibits attached to Plaintiff's motion for summary judgment unless otherwise specified.

substantive grounds.

Two October 27, 2010, letters ("the LMC Decisions") from the LMC advised Defendant that it was "guilty" of the charges in grievances I-02-10 and I-03-10. As to grievance I-02-10, the LMC stated:

> Upon investigating the evidence provided and checking with the referral records it was determined that both individuals were hired in violation of the referral procedure and were not eligible for portability. There was a motion made and seconded to find, in the instant case, based upon the evidence and testimony made available to the committee that the employer is guilty as charged in the grievance and is hereby ordered to make the affected members of [Plaintiff] whole for wages and fringe benefits they would have been entitled to in a form and manner acceptable to [Plaintiff]. Motion carried.

Ex. N.

As to grievance I-03-10, the LMC held:

> It was determined that in the instant case, based upon the evidence and testimony provided that the employer Lettered out the fourteen Foremen to avoid the standard referral procedures. As such, the employer was found to be guilty as charged in the grievance form by motion made, seconded and carried, and is hereby ordered to make whole the affected members of [Plaintiff] for wages and fringe benefits they would have been entitled to in a form and manner acceptable to [Plaintiff].

Ex. O.

Based on Plaintiff's reading of the LMC Decisions, Plaintiff sought from Defendant the total amount that would be payable to those who lost out on wages and benefits because the referral procedure was not followed. Plaintiff demanded payment of $408,086.33 in a July 13, 2011 letter to Brewer. The letter included the method by which Plaintiff arrived at the demand amount.

In response, Brewer again objected to the LMC hearing on procedural and substantive

grounds but did not challenge the amount of the demand made by Plaintiff. Defendant failed to comply with the LMC Decisions and Plaintiff's demand for payment. Defendant never sought to vacate the LMC Decisions prior to the filing of this case.

On September 30, 2011, Plaintiff filed its Complaint requesting the Court enter judgment against Defendant in the amount of $408,086.33 pursuant to the LMC Decisions, along with prejudgment interest and attorneys' fees and costs.[2] On June 4, 2012, the parties filed cross-motions for summary judgment. Plaintiff argues that the Court should summarily enter judgment in its favor because Defendant is precluded from asserting any defenses. Defendant, on the other hand, claims that Plaintiff is foreclosed from bringing this case to confirm the LMC Decisions because the applicable limitations period has passed.

### III. STANDARD OF REVIEW

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party must support its assertions by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or;
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

---

[2]During discovery in this case, Plaintiff became aware its calculations erroneously included an additional forty hours by a certain member of Plaintiff. Plaintiff has stipulated to a reduction in the demand by those forty hours. Plaintiff now seeks a judgment in the amount of $405,825.93.

4

Fed. R. Civ. P. 56(c)(1).

The moving party bears the initial burden of demonstrating the absence of any genuine dispute as to a material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).   The moving party discharges its burden by "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Horton v. Potter*, 369 F.3d 906, 909 (6th Cir. 2004) (citing *Celotex*, 477 U.S. at 325)).

Once the moving party has met its initial burden, the burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "[T]he mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## IV.  ANALYSIS

### A.  APPLICABLE LIMITATIONS PERIOD ON § 301 CLAIMS

Plaintiff brings its claim under § 301 of the LMRA.  The LMRA contains no express limitations period, but the United States Supreme Court has held that "the timeliness of a § 301 suit [to confirm an arbitration award] . . . is to be determined . . . by reference to the appropriate state statute of limitations." *United Auto. Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704–05 (1966).  This principle was equally applied by the United States Supreme Court in an action to vacate an award. *UPS v. Mitchell*, 451 U.S. 56, 62 (1981).  Applying this principle to a hybrid

§ 301/unfair representation case,[3] the United States Supreme Court, however, decided not to apply

a state-law limitations period and applied the federal limitations provision in § 10(b) of the National

Labor Relations Act ("NLRA"), finding there was no analogous state law limitations period.

*DelCostello v. Int'l Broth. of Teamsters*, 462 U.S. 151, 169 (1983).  The Court explained:

> Nevertheless, when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking, we have not hesitated to turn away from state law.

*Id.* at 171–72.

Guided by the United States Supreme Court precedent, the Sixth Circuit found the

three-month limitations period found in § 12 of the FAA was the appropriate limitations period for

a § 301 claim brought to *vacate* an arbitrator's award in a Michigan district court.  *Occidental Chem.*

*Corp. v. Int'l Chem. Workers Union ("Occidental II")*, 853 F.2d 1310, 1314–15 (6th Cir. 1988).

The Sixth Circuit, however, has not squarely addressed the appropriate limitations period for a § 301

claim brought by a union against an employer to confirm an arbitrator's award in a Michigan district

court.

The parties' arguments center on this unclarity in the precedent.  Defendant argues that

Plaintiff is foreclosed from seeking confirmation of the LMC Decisions by failing to file this case

---

[3] Plaintiff's case is referred to as a "straightforward § 301 suit." This case is one brought by a union for an employer's violations of a CBA.  Rather than the union bringing the claim, an employee may bring a claim under  § 301 against an employer for breach of a collective bargaining agreement and against a union for breach of its duty of fair representation.  Such a case is identified by the courts as a "hybrid § 301 suit."  *See Vaca v. Sipes*, 386 U.S. 171, 173 (1967) (discharged employees bringing claims against collective bargaining units for breach of the duty of fair representation); *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 556 (1976) (discharged employees suing employer for breach of a collective bargaining agreement and union for breach of duty of fair representation).

6

within the appropriate limitations period.  Defendant relies on *Local 1025, United Paperworkers Int'l Union v. Menasha Corp.*, as controlling precedent, wherein a federal district court in Michigan found that the appropriate limitations period for confirmation of an arbitrator's award under § 301 is the six-month limitations period found in § 10(b) of the NLRA.  582 F. Supp. 241, 244 (W.D. Mich. 1984).

Plaintiff counters that the appropriate limitations period is the one-year limitations period set forth in §9 of the United States Arbitration Act of 1925, later renamed the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.  Plaintiff also challenges Defendant's defense of this case, claiming that because Defendant failed to contest the LMC Decisions within the three-month limitations period found in § 12 of the FAA, it cannot now challenge the LMC Decisions.  For both of its arguments, Plaintiff heavily relies on *Occidental Chem. Corp. v. Int'l Chem. Workers Union* ("*Occidental I*"), 691 F. Supp. 1049 (W.D. Mich. 1987), asserting *Occidental I* overruled *Local 1025* and was affirmed by the Sixth Circuit.  *See Occidental II*, 853 F.2d 1310 (6th Cir. 1988).

In *Occidental I*, an employer brought an action against a union to *vacate* an arbitration award under § 301 of the LMRA.  691 F. Supp. at 1050.  The union responded by filing a counterclaim to *confirm* the award under § 301.  *Id.*  The district court had previously dismissed the employer's claim to vacate the award, determining that the three-month limitations period found in § 12 of the FAA, 9 U.S.C. § 12, was applicable, and that the employer had filed his claim outside of the three-month period.  *Id.*  Addressing the timeliness of the union's counterclaim, the district court similarly found the FAA applicable and relied on § 9, which provides for a one-year limitations period.  *Id.* at 1051.  The district court found the union's counterclaim timely and granted summary judgment in favor of the union.  *Id.* at 1052.  The employer appealed to the Sixth Circuit and raised

7

solely the issue regarding whether the three-month limitations period found in § 12 of the FAA, 9 U.S.C. § 12, was appropriate.  *Occidental II*, 853 F.2d at 1311 (noting the precise issue before it on review).  Not presented with the district court's application of the one-year limitations period for enforcement of the award, the Sixth Circuit affirmed the district court's holding on applying the three-month limitations period to an action to vacate an award.  *Id.* at 1316–17.

  **1.  Applicable Limitations Period to Plaintiff's Claim to Confirm the LMC Decisions**

  The Court first must determine which limitations period is applicable to Plaintiff's claim to confirm the LMC Decisions.  The Court is unpersuaded by either parties' position.  *Local 1025* and *Occidental I* were decided by the same judge in a federal district court in the Western District of Michigan.  The two decisions, however, directly conflict; *Occidental I*—decided a mere three years after *Local 1025* by the same judge—may be fairly read to overrule *Local 1025*.  *See Occidental I*, 691 F. Supp. at 1050 n.1 (pointing out in a footnote that the employer in the case had relied on the court's previous decision of *Local 1025*, but never expressly overruling or discussing *Local 1025* in the body of its opinion).  But the Court need not resolve this conflict or decide which case represents sound law.  In plain terms, the Court is neither bound by decisions of the Western District of Michigan nor decisions of any other federal district court.  *See Camreta v. Greene*, 131 S. Ct. 2020, 2033 n.7 (2011) (A "decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.").

  Because of the apparent conflict in *Occidental I* and *Local 1025*, and the lack of clarity in any other persuasive authority, the Court focuses on the binding precedent of the Sixth Circuit Court of Appeals and the United States Supreme Court.  While the Sixth Circuit's decision in *Occidental*

*II* determined that the three-month limitations period in § 12 of the FAA applied to actions to *vacate or modify* an arbitration award, the decision fails to squarely address the applicable limitations period for an action to *confirm or enforce* an arbitration award.  *See Occidental II*, 853 F.2d at 1311 ("This appeal requires us to determine the most appropriate statute of limitations to apply in a case . . . to vacate an arbitration award.").  The Court therefore turns to the United States Supreme Court precedent governing this issue.  In *Hoosier Cardinal*, a union brought an action in an Indiana federal district court to enforce the breach of a collective bargaining agreement.  383 U.S. at 698–99.  The United States Supreme Court set forth the general principle that because the LMRA contained no limitations period, "the timeliness of a § 301 suit . . . is to be determined by reference to the appropriate state statute of limitations."  383 U.S. at 704–05.  In determining the analogous state limitations period, it noted:

> The present suit is essentially an action for damages caused by an alleged breach of an employer's obligation embodied in a collective bargaining agreement.  Such an action closely resembles an action for breach of contract cognizable at common law.

*Id.* at 705 n.7.  The Supreme Court held that the federal district court's application of the six-year Indiana limitations period was appropriate.  *Id.* at 707.

Applying the holding of *Hoosier Cardinal* to Plaintiff's action to enforce the two LMC Decisions based on an alleged breach of the CBA in a Michigan federal district court, the Court finds that the alleged failure of Defendant to comply with the LMC Decisions—which are based on Defendant's noncompliance with the CBA—is analogous to a state-law claim for breach of a contract.  Looking to Michigan's limitations period for a standard breach of contract claim, Mich. Comp. Laws § 600.5807(8) provides that the limitations period for an action to recover damages due for breach of a contract is six years.  Just as the United States Supreme Court applied Indiana's

six-year statute of limitations for a breach of a contract, the Court applies Michigan's six-year limitations period for a breach of contract claim to the instant § 301 claim to enforce the LMC Decisions under the CBA.

The LMC heard argument on the two grievances on October 13, 2010. Defendant was advised of the decision by letters dated October 27, 2010. Plaintiff filed the instant case to enforce the LMC Decisions on September 30, 2011, approximately eleven months after the issuance of the decisions and well within the six-year limitations period provided for in Mich. Comp. Laws § 600.5807(8). Accordingly, Plaintiff's action to confirm the LMC Decisions is not time-barred.

**2. Applicable Limitations Period for Defendant to Challenge the LMC Decisions**

While the appropriate limitations period has been determined as to Plaintiff's claim to confirm the LMC Decisions, this period is not applicable to a claim to vacate an award. The Sixth Circuit has explained the difference between an action to vacate an award and an action to confirm an award:

> Clearly there are different considerations in selecting an appropriate statute of limitations for an action to confirm or enforce an award and an action to vacate or modify an award. Only the action to vacate or modify involves an attack on the award and, consequently, only this action threatens the finality of the award.

*Occidental II*, 853 F.3d at 1314. In *Occidental II*, the Sixth Circuit held that, absent an analogous Michigan limitations period, the three-month limitations period found in § 12 of the FAA applied to an action to modify or vacate an arbitrator's award. *Id.* at 1315–16; *accord Bacashihua v. United States Postal Serv.*, 859 F.2d 402, 406 (6th Cir. 1988). The Sixth Circuit explained that since the employer failed to timely file an action to vacate the award, the employer could not later challenge the award on any similar grounds during a subsequent action brought by the union to enforce the

10

award.  853 F.3d at 1317.

Defendant concedes that its claim is barred under the three-month limitations period, but argues that it was not aware of the damages resulting from the decisions until Plaintiff provided its demand for damages on July 13, 2011 (approximately nine months after issuance of the LMC Decisions).  Defendant's argument is unconvincing.  On October 27, 2010, Defendant's President (Brewer) received the LMC Decisions.  He knew Defendant had been found "guilty" of the alleged charges and had been ordered to "make the affected members of [Plaintiff] whole for wages and fringe benefits they would have been entitled to in a form and manner acceptable to [Plaintiff]."[4] While the Court acknowledges that phrases such as "make . . . whole" and "in a form and manner acceptable to [Plaintiff]" may lack specificity, Defendant was free to challenge the LMC Decisions in an action to vacate within three-months of their issuance.  Bound by *Occidental II*, Defendant's defenses that challenge the validity of the LMC decisions on procedural and substantive grounds are foreclosed.  *See id.*  Accordingly, the Court need not consider Defendant's defenses.

## B. PLAINTIFF IS ENTITLED TO JUDGMENT

In this Circuit, a party is barred from presenting defenses to a claim for confirmation of an arbitration award when the party failed to timely move to vacate the award.  *Professional Adm'rs Ltd. v. Kopper-Glo Fuel, Inc.*, 819 F.2d 639, 642–43 (6th Cir. 1987).  The Sixth Circuit reasoned that barring defenses was consistent with the quick resolution of arbitrated disputes and resulted in an action to confirm an arbitration award being a summary proceeding.  *Id.*

---

[4]This language is used in the LMC letter regarding grievance I-02-10.  The language used in the letter regarding grievance I-03-10 is almost identical.  The differences are insignificant and have no effect on the Court's analysis.  For purposes of clarity, the Court will use the language in the letter regarding grievance I-02-10 as representative of the LMC Decisions.

Defendant objects to the demand for damages calculated by Plaintiff. Defendant, however, cites to no legal precedent from the Sixth Circuit, or any other circuit, that permits the Court to consider its arguments as to the appropriateness of Plaintiff's demand for damages. Plaintiff's asserted demand appears to fit within the LMC Decisions that the damages "make the affected members of [Plaintiff] whole for wages and fringe benefits they would have been entitled to in a form and manner acceptable to [Plaintiff]." Because Defendant is barred from presenting defenses by failing to move to vacate the award within the three-month limitations period found in § 12 of the FAA, Plaintiff is entitled to summary judgment on its claim to confirm the LMC Decisions.

## C. PREJUDGMENT INTEREST

Plaintiff also requests prejudgment interest from the date Plaintiff provided its July 12, 2011, demand for payment on Defendant until entry of judgment. Plaintiff directs the Court to apply Mich. Comp. Laws § 600.6013(8) to calculate the prejudgment interest rate. Defendant disputes that an award of prejudgment interest is prudent in this case since it would only serve as punitive damages, in which case prejudgment interest is not permitted.

The Sixth Circuit has noted in cases like Plaintiff's that the LMRA contains no prohibition against awarding prejudgment interest. *Bricklayer's Pension Trust Fund v. Taiariol*, 671 F.2d 988, 989 (6th Cir. 1982). Absent any prohibition in the LMRA, awarding prejudgment interest is in the discretion of the district court. *Id.* at 990. The district court should consider whether such an award would further the congressional purposes underlying the obligations imposed by the LMRA. *Id.* at 989. An award should be compensatory, not punitive. *Drennan v. Gen. Motors Corp.*, 977 F.2d 246, 253 (6th Cir. 1992), cert. denied, 508 U.S. 940 (1993).

The Court finds that an award of prejudgment interest is appropriate.  The Court further finds such an award is compensatory in nature, based on the impact that Defendant's failure to pay has had on lost interest income to Plaintiff's funds.  *See id.* at 270.  The applicable rate of prejudgment interest is within the Court's discretion.  *Endico Potatoes, Inc. v. CIT Group/Factoring, Inc.*, 67 F.3d 1063, 1071–72 (2d Cir. 1995).   Plaintiff requests that the Court use Mich. Comp. Laws § 600.6013(8); Defendant has provided no alternative statute.  As such, finding no reason that the Michigan statute is inapplicable, the Court finds that the prejudgment rate will be awarded according to Mich. Comp. Laws § 600.6013(8) as of July 12, 2011, the date of Plaintiff's demand for payment.

## V.  CONCLUSION

Accordingly, and for the above reasons, IT IS HEREBY ORDERED that Plaintiff's motion for summary judgment is GRANTED [dkt 20], and Defendant's motion for summary judgment is DENIED [dkt 19].   Judgment will enter in favor of Plaintiff for $405,825.93, along with prejudgment interest.

IT IS SO ORDERED.


S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  July 25, 2012

13

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 25, 2012.

S/Marie E. Verlinde _____

Case Manager

(810) 984-3290

14